UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Milford-Bennington Railroad Co.,
Inc. and Peter Leishman

    v.                                Case No. 10-cv-264-PB
                                                Opinion No. 2011 DNH 102
Pan Am Railways, Inc., Boston and
Maine Corporation, and Springfield
Terminal Railway Company


**MEMORANDUM AND ORDER**

    Milford-Bennington Railroad Co. ("MBR") and its employee, Peter Leishman, have sued defendants Pan Am Railways, Inc., Boston and Maine Corporation, and Springfield Terminal Railway (collectively "Pan Am") alleging state-law breach of contract and breach of good faith and fair dealing claims.  Pan Am has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Leishman should be dismissed as a plaintiff because he is not a party to the contract at issue.  Pan Am also seeks to dismiss count IV of the amended complaint for failure to state a claim.[1]

---

[1] I have ruled on Pan Am's arguments that plaintiffs' claims are preempted in a separate order.

1

## I. <u>BACKGROUND</u>

MBR runs a short-line freight rail operation over a three-mile section of railroad tracks in southern New Hampshire. The tracks are owned by Pan Am. In 1992 MBR entered into a Trackage Rights Agreement ("TRA") with Pan Am's predecessors, Boston & Maine Corporation and the Springfield Terminal Railway Co., granting it the right to use its trains over the three-mile section of tracks. MBR currently maintains a workforce of only two full-time employees who are qualified to operate on the three-mile rail corridor. It also has only one customer, Granite State Concrete, which hires MBR to haul stone from a quarry in Wilton, New Hampshire to a processing plant in Milford, New Hampshire along the track owned by Pan Am.

On October 22, 2009, MBR was involved in an accident when a truck collided with the caboose of its train at a highway crossing. Peter Leishman, one of the two MBR employees qualified to operate its trains, was running the train at the time. Pan Am completed an investigation of the accident and, after holding several hearings on the matter, determined that Leishman was operating MBR's train in violation of Pan Am's rules and regulations when he failed to issue an "on-ground" warning at the highway crossing where the accident took place. On April 9, 2010, Pan Am sent Leishman written notice that he was banned from operating on Pan Am trackage in the future.

## II.  STANDARD OF REVIEW

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), I "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).  To survive a motion to dismiss for failure to state a claim, the general rule under Rule 8 of the Federal Rules of Civil Procedure is that the complaint must "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## III.  ANALYSIS

Pan Am argues both that Leishman must be dismissed as a plaintiff because he is not a party to the TRA, and that Count IV of MBR's amended complaint fails to state a claim upon which relief may be granted.  I address each argument in turn.

**A.  Leishman**

To successfully state a claim for breach of contract, a plaintiff must be either a party to, or a third-party beneficiary of, the contract at issue.  See Arlington Trust Co. v. Estate of Wood, 465 A.2d 917, 918 (N.H. 1983) ("The third-

3

party beneficiary doctrine is an exception to the general rule that a non-party to a contract has no remedy for breach of the contract."). A third-party beneficiary relationship exists where the contract is "expressed so as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract." MacMillan v. Scheffy, 787 A.2d 867, 869 (N.H. 2001) (internal quotation marks omitted).

Plaintiffs do not allege that Leishman was a third-party beneficiary of the TRA either in their amended complaint or in their objection to the motion to dismiss. I will not speculate as to the merit of an argument that the plaintiffs do not make. Accordingly, since plaintiffs concede that Leishman was not a party to the TRA, and they have not claimed that he was a third-party beneficiary, I grant defendants' motion to dismiss Leishman's claims.

**B.   Count IV**

Plaintiffs allege in Count IV that Pan Am's actions are based on an erroneous interpretation of its own safety rules. This claim duplicates an argument that is contained in Count I. Therefore, it is dismissed as surplusage.

### IV. CONCLUSION

For the reasons stated above, I conclude that Leishman must

4

be dismissed as a plaintiff in this case and that MBR has failed to set forward a distinct breach of contract claim in Count IV of the Amended Complaint.

SO ORDERED.

                                             /s/Paul Barbadoro
                                             Paul Barbadoro
                                             United States District Judge

June 23, 2011

cc:   Craig S. Donais, Esq.
      Kevin E. Verge, Esq.
      Christopher H.M. Carter, Esq.
      Michael J. Connolly, Esq.