UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

|  |  |  |
|---|---|---|
| MILFORD-BENNINGTON RAILROAD CO., INC. | ) ) ) ) | |
| Plaintiffs, | ) ) | Docket No. 1:10-cv-00264-PB |
| v. | ) ) ) | |
| PAN AM RAILWAYS, INC., BOSTON AND MAINE CORPORATION, and SPRINGFIELD TERMINAL RAILWAY COMPANY | ) ) ) ) ) | |
| Defendants. | ) ) | |

_____

## ANSWER TO FIRST AMENDED PETITION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND AWARD OF DAMAGES

Defendants, Pan Am Railways, Inc., Boston and Maine Corporation, and Springfield Terminal Railway Company (collectively "Pan Am"), by and through their attorneys, Hinckley, Allen & Snyder LLP, hereby answer the allegations to the First Amended Petition for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction and Award of Damages ("Amended Petition") as follows:

1.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1, and therefore denies the same.

2.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore denies the same.  By way of further response, Peter Leishman was dismissed from this action by Order of this Court on June 23, 2011.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

7.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies the same.

8.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore denies the same.

9.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore denies the same.  By way of further response, any agreement between MBR and the State of New Hampshire speaks for itself.

10.      Admitted.  By way of further response, the Trackage Rights Agreement speaks for itself.

11.      Denied to the extent that the Trackage Rights Agreement speaks for itself, and, therefore, Pan Am denies MBR's characterization of the Trackage Rights Agreement.

12.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies the same.

13.      Denied.  By way of further response, Pan Am personnel are subject to investigative hearings and proceedings based on the requirements set forth in collective bargaining agreements.  Each labor organization has different procedures to be used for its respective employees.

14.      Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies the same.

15.    Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15, and therefore denies the same.

16.    Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore denies the same.

17.    Denied in part.  Pan Am admits that MBR was involved in a rail crossing accident on October 22, 2009 with a truck.  Pan Am denies the characterization that the truck driver struck the caboose of the train after failing to yield to signalized traffic controls.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

18.    Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies the same.

19.    Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19, and therefore denies the same.

20.    Pan Am admits the first sentence of Paragraph 20.  Pan Am denies the remainder of the allegations in Paragraph 20 to the extent that Officer Murphy's report speaks for itself, and, therefore, Pan Am denies MBR's characterization of the report.

21.    Pan Am admits that it scheduled an investigative hearing to determine the cause of the accident, and whether any action should be taken against MBR or its employees.  Pan Am denies the remaining allegations in Paragraph 20.   By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

22.    Admitted.

23.    Denied to the extent that the Trackage Rights Agreement speaks for itself, and, therefore, Pan Am denies MBR's characterization of the Agreement.

24.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24, and therefore denies the same.

25.     Denied to the extent that the notice speaks for itself, and therefore, Pan Am denies MBR's characterization of the notice.  By way of further response, the "range of sanctions" are set forth in the Trackage Rights Agreement.

26.     Denied to the extent that the transcript of the November 10, 2009 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony.

27.     Denied to the extent that the transcript of the November 10, 2009 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony.

28.     Denied to the extent that the transcript of the November 10, 2009 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony.

29.     It is admitted that Mr. Leishman did not attend the November 10, 2009 hearing. Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29, and therefore denies the same.  By way of further response, the allegations in Paragraphs 29 and 30 appear to be inconsistent.

30.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and therefore denies the same.  By way of further response, the allegations in Paragraphs 29 and 30 appear to be inconsistent.

31.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 31, and therefore denies the same.  Pan Am admits that the appeal was dismissed on September 10, 2010.  Pan Am denies the allegations in the fourth and fifth sentences to the extent that the letter dated July 13, 2009 and the New Hampshire Attorney General's response speak for themselves, and, therefore, Pan

Am denies MBR's characterization of those documents.  Pan Am denies the last sentence of Paragraph 31.

32.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 32, and therefore denies the same.  By way of further response, Pan Am admits the remainder of Paragraph 32.

33.     Pan Am admits that Mr. Leishman has been expelled from the track.  Pan Am denies the remaining allegations in Paragraph 33.

34.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore denies the same.

35.     Admitted.

36.     Pan Am admits that it sent a notice dated April 28, 2010 notifying Leishman of supplemental hearing.  Pan Am denies the remaining allegations in the first two sentences of Paragraph 36 to the extent that the notice dated April 28, 2010 speaks for itself, and, therefore, Pan Am denies MBR's characterization of the notice.  Pan Am denies the third sentence of Paragraph 36.  Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of Paragraph 36, and therefore denies the same.  Pan Am denies the fifth sentence of Paragraph 36.

37.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore denies the same.

38.     Denied.  By way of further response, Pan Am has not made any adverse findings against David Raymond.

39.     Pan Am admits that George Thayer served as the hearing officer for the hearing on May 7, 2010.  Pan Am denies the remaining allegations in Paragraph 39 to the extent that the

transcript of the May 7, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

40.     Denied to the extent that the transcript of the May 7, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

41.     Denied to the extent that the transcript of the May 7, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

42.     Denied.

43.     Pan Am admits that Mr. Leishman requested to submit a prepared statement during the hearing.  The remaining allegations are denied to the extent that the transcript of the November 10, 2009 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

44.     Denied to the extent that hearing notice and the transcript of the May 7, 2010 hearing speak for themselves, and, therefore, Pan Am denies MBR's characterization of the notice and/or testimony and discussions that occurred during the hearing.

45.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the first sentence of Paragraph 45, and therefore denies the same.  Pan Am admits that Robert Culliford called Mr. Brugman and may have cancelled the conference thirty minutes before it started, but Pan Am denies the characterization of the discussion referenced in the second sentence of Paragraph 45.

46.     Admitted.

47.     Admitted.

6

48.     Pan Am admits that it offered to provide its own personnel to operate on the rail corridor at the rate of $522 per day.  Pan Am denies that the rate was "regardless of amount of time the employee was used, or the number of runs on the corridor."  Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48, and therefore denies the same.

49.     Pan Am admits the first sentence of Paragraph 49.  Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49, and therefore denies the same.

50.     Pan Am admits that MBR may have requested that it participate in binding arbitration with STB.  Pan Am denies the remaining allegations of Paragraph 50.

51.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore denies the same.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

52.     Paragraph 52 contains statements and/or conclusions of law to which no response is required.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

53.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53, and therefore denies the same.

54.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54, and therefore denies the same.

55.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, and therefore denies the same.

**Count I:  Breach of Contract (breach of covenant of good faith and fair dealing)**

56.     The statement in Paragraph 56 does not require a response.

57.     Paragraph 57 contains statements and/or conclusions of law to which no response is required.  By way of further response, Pan Am admits that the parties entered into the Trackage Rights Agreement in 1992.  Pan Am does not have knowledge or information regarding the Plaintiffs' understanding at the time the parties entered into the Trackage Rights Agreement.

58.     Paragraph 58 contains statements and/or conclusions of law to which no response is required.

59.     Paragraph 59 contains statements and/or conclusions of law to which no response is required.

60.     Denied.

61.     Denied.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

62.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and therefore denies the same.

63.     Pan Am admits that it has inspected and observed Plaintiff's operations.  Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to the actions taken by the State of New Hampshire, Department of Transportation, and the FRA, and therefore denies the same.  Pan Am denies the remaining allegations in Paragraph 62.  By way of further response, Pan Am received a copy of the NORAC bulletin.

64.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and therefore denies the same.

65.     Denied.

66.     Denied.

## Count II:  Breach of Contract (unfair, unjust and improper adjudication of case)

67.     The statement in Paragraph 67 does not require a response.

68.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

69.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

70.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

71.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

72.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

73.     Denied to the extent that the transcript of the November 10, 2009 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Paragraph 77 contains statements and/or conclusions of law to which no response is required.

78.     Denied.

**Count III:  Breach of Contract (unreasonable sanction)**

79.     The statement in Paragraph 79 does not require a response.

80.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

81.     Denied.

82.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

83.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

84.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.  Pan Am also denies the third sentence of Paragraph 84.

85.     Pan Am admits the first sentence of Paragraph 85.  Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85 and therefore denies the same.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

86.     Pan Am admits that it filed a report with the Federal Railroad Administration. The remaining allegations are denied to the extent that accident report speaks for itself, and, therefore, Pan Am denies MBR's characterization of the report.

87.     Denied.

88.     Denied.

**Count IV:  Breach of Contract (misinterpretation of 49 C.F.R. 218.99)**

89.     The statement in Paragraph 89 does not require a response.

90.     Paragraph 90 contains statements and/or conclusions of law to which no response is required.

91.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

92.     Denied to the extent that the transcript of the October 29, 2010 hearing speaks for itself, and, therefore, Pan Am denies MBR's characterization of the testimony and discussions that occurred during the hearing.

93.     Denied.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

94.     Pan Am is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and therefore denies the same.  By way of further response, this Court has already issued an Order that MBR failed to comply with NORAC Rule 138.

95.     Denied.   By way of further response, the Court has already ruled that MBR violated NORAC Rule 138.

96.     Denied.  By way of further response, the Court has already ruled that MBR violated NORAC Rule 138.

97.     Denied.  By way of further response, the Court has already ruled that MBR violated NORAC Rule 138.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs claims are barred to the extent that any injuries or damage allegedly sustained by Pan Am were not caused by or legally attributable to Pan Am.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they have, by their own acts and/or omissions, caused and/or increased their alleged injuries and damage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they failed to mitigate their damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' request for equitable relief is barred in whole or in part by the doctrines of waiver, accord and satisfaction, laches, estoppel and/or unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred because they are preempted by the Interstate Commerce Act ("ICA").

## SEVENTH AFFIRMATIVE DEFENSE

Peter Leishman's claims are barred because he is not in privity of the Trackage Rights Agreement.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred because Pan Am acted in good faith.

## NINTH AFFIRMATIVE DEFENSE

Pan Am hereby gives notice that it intends to rely upon such other and further defenses as may become available through discovery or otherwise and reserves its right to amend this Answer and to assert and rely upon such further defenses as of right or by appropriate motion.

Respectfully submitted,

PAN AM RAILWAYS, INC.,
BOSTON AND MAINE CORPORATION, and
SPRINGFIELD TERMINAL COMPANY

By their attorneys,

Dated:  October 21, 2011                    /s/ Michael Connolly
                                            Michael Connolly (Bar No. 14371)
                                            Hinckley, Allen & Snyder LLP
                                            11 South Main Street, Suite 400
                                            Concord, NH 03301-4810
                                            (603) 225-4334
                                            Email:  mconnolly@haslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this date via the Court's Electronic Case Filing (ECF) system upon all parties.

Dated:  October 21, 2011                    /s/ Michael Connolly
                                            Michael Connolly (Bar No. 14371)

#50433684

14